United States District Court
Southern District of Texas
**ENTERED**
November 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HLEVICTOR A. HOSKINS, JR., and TRACEY R. YOUNG, | § § § § § § | CIVIL ACTION NO 4:25-cv-01107 |
| Plaintiffs, | | |
| vs | § § § | JUDGE CHARLES ESKRIDGE |
| PLAZA PLACE OWNERS ASSOCIATION, INC, and ASSOCIA PRINCIPAL MANAGEMENT GROUP OF HOUSTON, | § § § § § § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiffs Hlevictor A. Hoskins, Jr., and Tracey R. Young proceed here *pro se*. They sue Defendants Plaza Place Owners Association, Inc, and Associa Principal Management Group of Houston for violations of the Americans with Disabilities Act and the Fair Housing Act. Dkt 1 at ¶¶47–65. They also bring claims for breach of fiduciary duty and negligence. Id at ¶¶66–81.

The matter was referred for disposition to Magistrate Judge Yvonne Ho. Dkt 9. Plaintiffs brought motions for an emergency temporary restraining order and to "decline consent to Magistrate Judge." Dkts 11 & 12. Judge Ho issued a Memorandum and Recommendation in which she recommended that the motions be denied. Dkt 14.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically

objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiffs filed objections as to the motion for temporary restraining order. Dkt 15. They assert that the Memorandum and Recommendation errs by indicating that they must serve or confer with Defendants prior to requesting the temporary restraining order. They further contend that the Memorandum and Recommendation erred in finding that Plaintiffs failed to show substantial likelihood of success on the merits and irreparable harm. Id at 2–4.

Upon *de novo* review and determination, the objections lack merit. The Memorandum and Recommendation didn't require that Plaintiffs serve the temporary restraining order on Defendants or confer with Defendants. Rather, Federal Rule of Civil Procedure 65(b)(1) itself requires Plaintiffs to certify the reasons why notice shouldn't be required prior to issuance of a temporary restraining order *ex parte*. Plaintiffs didn't provide such reasons. Plaintiffs also bear the burden of demonstrating a substantial likelihood of success on the merits. The unsubstantiated allegations contained in the motion fail to meet this standard. And Plaintiffs fail to demonstrate any irreparable harm beyond the speculative consequences from their failure to pay disputed charges.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiffs Hlevictor A. Hoskins, Jr., and Tracey R. Young to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 15.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 14.

The emergency motion by Plaintiffs Hlevictor A. Hoskins, Jr., and Tracey R. Young for temporary restraining order and preliminary injunction is DENIED. Dkt 11.

The motion by Plaintiffs Hlevictor A. Hoskins and Tracey R. Young to decline consent to the magistrate judge is DENIED. Dkt 12.

SO ORDERED.

Signed on November 18, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge