United States District Court
Southern District of Texas

**ENTERED**

May 14, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| HLEVICTOR A. HOSKINS, JR. and TRACEY R. YOUNG,<br>　　　Plaintiffs, | § § § § § § | CIVIL ACTION NUMBER<br>4:25-cv-01107 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| PLAZA PLACE OWNERS ASSOCIATION, INC, and ASSOCIA PRINCIPAL MANAGEMENT GROUP OF HOUSTON,<br>　　　Defendants. | § § § § § § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Plaintiffs Hlevictor A. Hoskins, Jr., and Tracey R. Young proceed here *pro se*. They sue Defendants Plaza Place Owners Association, Inc, and Associa Principal Management Group of Houston for violations of the Americans with Disabilities Act and the Fair Housing Act. Dkt 1 at ¶¶47–65, 76–81. They also bring claims for breach of fiduciary duty and negligence. Id at ¶¶66–75.

Defendants brought a motion for summary judgment seeking dismissal of the claims by Hoskins, but not Young, on grounds of *res judicata*. See Dkt 28 at 4–8. They state that Hoskins previously sued Plaza Place in state court "alleging the same, or substantially similar facts and asserting causes of action for negligence, ADA violations, HUD violations, and retaliation." Id at 2. They further note that the state court has already entered summary

judgment in favor of Plaza Place in that matter. Ibid; see also Dkt 64 at 22 (state court summary judgment).

The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 9. She entered a Memorandum and Recommendation recommending that the motion be granted and the claims by Hoskins be dismissed with prejudice. Dkt 54 at 19–20.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Hoskins filed objections. See Dkts 64 & 65. He largely objects that the Magistrate Judge incorrectly applied the doctrine of *res judicata*, while also appearing to challenge the validity of the state court judgment itself. See Dkt 64 at 3–14. He also presents "newly discovered evidence" that he claims indicates this action proceeds on a different factual basis from the state action. See Dkt 65.

On *de novo* review and determination, the objections lack merit. The Magistrate Judge thoroughly and correctly determined that the state court entered a final adjudication on the merits of the claims by Hoskins. That judgment reflects that it was between Hoskins and Plaza Place. See Dkt 64 at 22. The Magistrate Judge was also correct in finding that the interests of Associa Principal were adequately represented by Plaza Place in that action, given its role as the management company for Plaza Place. See Dkt 54 at 8–10. And she correctly determined that these actions arose from the same nucleus of operative facts involving a dispute related to accessible parking, a service animal, property damage, safety issues, and harassment and retaliation by Plaza Place. Id at 11. In

light of these legal conclusions, she also correctly ruled that extension of time under Rule 56(d) would be futile. Id at 12–13.

One objection notes that this action includes a claim under the FHA that wasn't brought previously. See Dkt 64 at 8. But that claim arises out of the same factual basis as the state lawsuit. See Dkt 1 at ¶¶9–21 (detailing basis for FHA claim). Hoskins hasn't otherwise shown why that claim couldn't have been brought previously. Purported "newly discovered evidence" as to ongoing violations doesn't change this determination. See Dkt 65. And beyond this, argument as to whether the state court judgment was itself correct is beyond the purview of argument on *res judicata*.

The objections by Plaintiff Hlevictor A. Hoskins, Jr., to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkts 64 & 65.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 54.

The motion by Defendants for summary judgment is GRANTED. Dkt 28.

The claims by Plaintiff Hlevictor A. Hoskins, Jr., are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on May 14, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge